IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BERTA A. Z. ,[1]                          1:20-cv-00958-BR

         Plaintiff,                       OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

         Defendant.


KATHERINE L. EITENMILLER
KATIE TAYLOR
Harder, Wells, Baron & Manning, P.C.
474 Willamette St.
Eugene, OR  97401
(541) 686-1969

         Attorneys for Plaintiff

SCOTT ERIK ASPHAUG
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

         [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2950

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Berta A. Z. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

On March 22, 2016, Plaintiff protectively filed her applications for SSI and Disability Insurance (DIB) benefits.

Tr. 24, 221, 223.[2]  Plaintiff alleges a disability onset date of
January 1, 2015.  Tr. 24, 221, 223.  Plaintiff's applications
were denied initially and on reconsideration.  An Administrative
Law Judge (ALJ) held a hearing on May 23, 2018.  Tr. 24, 38-69.
At the hearing Plaintiff withdrew her DIB claim and proceeded
only on her SSI claim.  Tr. 24, 51-52.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On September 21, 2018, the ALJ issued an opinion in which
he found Plaintiff is not disabled and, therefore, is not
entitled to benefits.  Tr. 24-32.  Plaintiff requested review by
the Appeals Council.  On April 16, 2020, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On June 15, 2020, Plaintiff filed a Complaint in this Court
seeking review of the Commissioner's decision.

---

[2] Citations to the official Transcript of Record (#10)
filed by the Commissioner on December 2, 2020, are referred to
as "Tr."

## BACKGROUND

Plaintiff was born on March 2, 1968.  Tr. 221, 223.
Plaintiff was 47 years old on her alleged disability onset date.
Tr. 71.  Plaintiff was 50 years old at the time of the hearing.
Plaintiff has a fourth-grade education.  Tr. 247.  Plaintiff has
past relevant work experience as a seed-cutter, weeder, cleaner,
and potato-grader.  Tr. 31, 64.

Plaintiff alleges disability due to dry eyes, arthritis,
and fibromyalgia.  Tr. 71.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 27-31.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months." 42
U.S.C. § 423(d)(1)(A). The ALJ must develop the record when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence. *McLeod v. Astrue*,
640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,*
276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole. 42
U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)). "It is more than a mere scintilla [of
evidence] but less than a preponderance." *Id.* (citing
*Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591
(9th Cir. 2009). The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since March 22, 2016, Plaintiff's application date. Tr. 27.

At Step Two the ALJ found Plaintiff has the severe

impairments of Sjogren's Syndrome, fibromyalgia, and rheumatoid arthritis/osteoarthritis.  Tr. 27.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 27-28.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can only occasionally climb, balance, stoop, kneel, and crouch and can frequently crawl.  Tr. 28.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as a potato-grader.  Tr. 31.

Accordingly, the ALJ found Plaintiff is not disabled. Tr. 31-32.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony; (2) failed to provide legally sufficient reasons for discounting the medical opinion of W. Clay McCord, M.D., Plaintiff's treating physician; and (3) failed to provide legally sufficient reasons for discounting

the lay-witness statements of Kristal A., Plaintiff's daughter.

## I.  The ALJ provided legally sufficient reasons for discounting Plaintiff's testimony.

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons supported by substantial evidence in the record for rejecting Plaintiff's subjective symptom testimony.

### A.  Standards

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence

of the pain or fatigue itself, or the severity thereof."
*Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this
analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about
the severity of her symptoms only by offering specific, clear
and convincing reasons for doing so." *Garrison*, 759 F.3d at
1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
883 (9th Cir. 2006)(same). General assertions that the
claimant's testimony is not credible are insufficient. *Parra v.
Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints." *Id*. (quoting *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B. Analysis**

On May 3, 2016, Plaintiff completed an Adult Function
Report. Tr. 268-75. Plaintiff stated her body "is constantly
aching" and she must complete all activities at her "own pace."
Tr. 268. Plaintiff cares for her husband and three children.
Tr. 269. On a typical day she awakens the children, gets them
ready for school, makes lunch, does some household chores,

watches television, prepares dinner, and goes to bed.  Tr. 269.

Plaintiff's husband does yardwork and helps Plaintiff as needed.

Tr. 269, 271.  Plaintiff attends church and doctor appointments

and goes to events for her children "every so often."  Tr. 272.

She indicates her impairments affect her ability to spend time

with her children because her pain increases if she sits too

long.  Tr. 272.  Plaintiff notes her impairments affect her

ability to lift, to squat, to bend, to stand, to walk, to sit,

to kneel, to climb stairs, to use her hands, and to see.

Tr. 273.  She noted she can lift up to fifteen pounds, can walk

200 meters before needing to rest, and can pay attention for

approximately one hour at a time.  Tr. 273.

  At the hearing on May 23, 2018, Plaintiff testified

she "can't do much."  Tr. 56.  She experiences pain in her feet

and hands, her eyes are "very dry," and she is depressed.

Tr. 56.  Plaintiff stated she does not exercise and alternates

between sitting and standing because of her pain.  Tr. 58.  She

uses eye drops every four hours.  Tr. 58.  Plaintiff can lift

five pounds; can stand for fifteen minutes and sit for 20-30

minutes at a time; and can walk for 30 minutes before getting

tired.  Tr. 58-59.  Her symptoms have worsened over time, and

she "take[s] a lot of medications." Tr. 60. Plaintiff testified her children help with household chores, her husband drives when they go grocery shopping, and she does not go to the store alone. Tr. 61-62.

In evaluating a claimant's statements, the ALJ must "determine the extent to which [the claimant's] alleged functional limitations and restrictions due to pain and other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings." 20 C.F.R. § 416.929(a). *See also Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1227 (9th Cir. 2009)(ALJ properly discounted the plaintiff's symptom testimony that did not comport with objective evidence in the medical record). In this case the ALJ noted the medical records do not reflect any tender-point testing that would support the extent of Plaintiff's testimony about her fibromyalgia symptoms. Tr. 29. The ALJ also noted Dr. McCord attributed Plaintiff's hip pain to her fibromyalgia (Tr. 29, 784), but the only other mention of symptoms was Plaintiff's inability to "sleep well" and some generalized pain. Tr. 29, 670, 675-76.

In addition, the ALJ concluded Plaintiff's statements concerning the intensity, persistence, and limiting effects of

her symptoms are inconsistent with the medical evidence and other evidence in the record. Tr. 29. For example, the ALJ noted Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms are not supported by diagnostic testing in the medical records showing exertional or other work-related limitations attributable to her rheumatoid arthritis, osteoarthritis, or fibromyalgia. Tr. 29.

The ALJ also pointed out that Plaintiff's symptoms improved with treatment. Tr. 29. An ALJ may consider the effectiveness of treatment or medication when determining the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3). Evidence of medical treatment that successfully relieves symptoms can be considered when evaluating disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here the ALJ noted Plaintiff's dry eyes associated with Sjogren's Syndrome improved with serum tear treatment. Tr. 29, 724, 740.

The ALJ also discounted Plaintiff's symptom testimony on the ground that her exertional limitations were minimal and inconsistent with her own testimony about her activities of daily living. Tr. 30. For example, Plaintiff testified she

does household chores such a cleaning, cooking, and laundry; takes care of her children; and goes to the store although she does these activities at "her own pace," which is now at a slower pace.  Tr. 268.

On this record the Court concludes the ALJ provided legally sufficient reasons supported by substantial evidence in the record for discounting Plaintiff's subjective symptom testimony.

## II.  The ALJ did not err in his assessment of Dr. McCord's medical opinion.

Plaintiff contends the ALJ failed to provide clear and convincing reasons for discounting Dr. McCord's opinion.

### A.  Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability – the claimant's ability to perform work."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence."  *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is

contradicted by another doctor's opinion, an ALJ may only reject
it by providing specific and legitimate reasons that are
supported by substantial evidence." *Id.* When contradicted, a
treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest
weight . . . even if it does not meet the test for controlling
weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An
ALJ can satisfy the "substantial evidence" requirement by
"setting out a detailed and thorough summary of the facts and
conflicting clinical evidence, stating his interpretation
thereof, and making findings." *Reddick,* 157 F.3d at 725. "The
ALJ must do more than state conclusions. He must set forth his
own interpretations and explain why they, rather than the
doctors', are correct." *Id.* (citation omitted).

   **B.  Analysis**

        Dr. McCord is Plaintiff's treating rheumatologist and
has been treating Plaintiff every four months since 2013.
Tr. 866. On March 14, 2016, Dr. McCord opined Plaintiff was
"permanently disabled" due to degenerative, rheumatoid arthritis
and fibromyalgia. Tr. 445.

        On December 12, 2016, Dr. McCord opined Plaintiff was

"unable to perform any work over an 8 [hour] period." Tr. 784.

He concluded Plaintiff "remains disabled for any meaningful

physical work which is all she is trained to do" due to

rheumatoid arthritis, osteoarthritis, and fibromyalgia.

Tr. 786.

On March 21, 2018, Dr. McCord completed a Treating

Source Statement. Tr. 866-70. He noted Plaintiff was diagnosed

with rheumatoid arthritis, osteoarthritis, Sjogren's Syndrome,

and Diabetes Mellitus. Tr. 866. Dr. McCord opined Plaintiff

can sit for 30 minutes at a time for a total of three hours in

an eight-hour workday; can stand/walk for five minutes at a time

for a total of one hour in an eight-hour workday; needs to be

able to shift positions at will from sitting, standing, or

walking; needs three five-minute unscheduled breaks in an eight-

hour workday; can only occasionally lift and carry less than ten

pounds; can never carry more than ten pounds; cannot use her

hands, fingers, or arms for repetitive reaching, handling, or

fingering; and will miss three or four days per month due to her

medical conditions. Tr. 868-70.

The ALJ gave "no weight" to Dr. McCord's March 2016

opinion on the grounds that it is "wholly inconsistent" with the

objective findings of his own records, the overall medical

records, and Plaintiff's statements regarding her activities.

Tr. 30.  For example, the ALJ pointed to Dr. McCord's chart

notes that reflect Plaintiff does not have joint deformities,

laxity, tenderness, swelling, redness, or crepitus; does not

have tenderness or misalignment of the spine; has full range of

motion of the joints; has normal range of motion of the spine;

has normal gait; and does not have atrophy.  Tr. 30-31, 447.

The ALJ also pointed to medical records of other providers that

indicate Plaintiff's strength test was 5/5 without any abnormal

findings in the system reviews.  Tr. 31.

         The ALJ also gave "little weight" to Dr. McCord's

March 2018 opinion regarding Plaintiff's exertional limits on

the ground that those limitations are "totally at odds" with

Plaintiff's self-evaluation and with her daughter's evaluation.

Tr. 31.  The ALJ noted both Plaintiff and her daughter stated

Plaintiff can do household chores such as cleaning and laundry

weekly although at a slower pace; can go to the store and other

places without assistance; attends events for her three

children; and cares for the children.  Tr. 30.

         The ALJ also gave "little weight" to Dr. McCord's

opinion that Plaintiff "is disabled" on the grounds that

Dr. McCord's opinion is inconsistent with the medical records

and appears to be based on Plaintiff's subjective complaints.

Tr. 31. The ALJ also noted Dr. McCord concluded Plaintiff "is

disabled," which is the ultimate issue reserved for the ALJ to

determine. Tr. 31.

The ALJ, however, gave "great weight" to the opinion

of Martin Kehrli, M.D., on the ground that Dr. Kehrli's opinion

is consistent with both the medical records and with Plaintiff's

subjective complaints. Dr. Kehrli, the state-agency reviewing

physician, concluded Plaintiff had the RFC to perform light

work. Tr. 30, 119-21. The ALJ also gave "partial weight" to

the opinion of Lloyd Wiggins, M.D., another state-agency

reviewing physician, who concluded Plaintiff had the RFC to

perform medium work. Tr. 30, 91-93. The ALJ, however, noted

Dr. Wiggins assessed Plaintiff as suffering from fatigue, which

is "not conducive to maintaining a medium exertional level work

schedule." Tr. 30. The ALJ, however, agreed with Dr. Wiggins's

opinion that Plaintiff's postural limitations are minimal.

Tr. 30, 92.

"The opinion of a nonexamining physician cannot by

itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Taylor,* 659 F.3d at 1233 (quoting *Lester*, 81 F.3d at 831). When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so with specific and legitimate reasons supported by substantial evidence. *See, e.g., Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Although the ALJ gave greater weight to the opinions of Drs. Kerli and Wiggins, nonexamining physicians, he pointed out that Dr. McCord's opinion was inconsistent with his own treatment records, the records of other doctors, Plaintiff's statements, and the statements of Plaintiff's daughter.

On this record the Court concludes the ALJ did not err when he discounted Dr. McCord's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record.

**III. The ALJ did not err when he discounted the lay-witness testimony, and, in any event, such error would be harmless.**

Plaintiff contends the ALJ failed to assess correctly the

lay-witness testimony of Kristal A., Plaintiff's daughter.

**A.    Standards**

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006). Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

**B.    Analysis**

On May 16, 2016, Kristal A. completed a Third-party Function report. Tr. 276-83. She indicated Plaintiff is limited in her ability to stand; experiences pain in her hands, back, and feet; is able to do chores once a week at her own pace; is able to prepare meals with breaks; spends time with her

children going on walks; attends church; is sometimes unable to attend family activities because she isn't feeling well; and needs someone to accompany her when she leaves home. Tr. 278-80. Kristal A. also noted Plaintiff's conditions affect her ability to lift, to squat, to bend, to stand, to walk, to sit, to kneel, and to climb stairs. Tr. 281. She stated Plaintiff can walk 400 meters before needing to rest and does not handle stress well. Tr. 281-82.

The ALJ gave "partial weight" to the statements of Kristal A. on the ground that her assessment of Plaintiff's capacity to complete activities of daily life "seems slightly more restricted" than that described by Plaintiff herself. Tr. 30. The ALJ noted: "The capacity to complete chores, care for her children, and manage activities of daily life is for the most part consistent with what one would expect compared to the medical records." Tr. 30.

Although Kristal A.'s statements are relatively consistent with Plaintiff's testimony regarding her symptoms, the Court has already concluded the ALJ properly discounted Plaintiff's testimony. The ALJ, therefore, may also properly discount the similar testimony of Plaintiff's daughter based on

the same reasons.  *See Bayliss*, 427 F.3d at 1218 (germane reasons for discrediting a lay-witness's testimony include the fact that the testimony "generally repeat[s]" the properly discredited testimony of the claimant).

To the extent that the ALJ may have erred by failing to clarify which part of Kristal A.'s testimony the ALJ adopted, such error was harmless when "the same evidence that the ALJ referred to in discrediting [Plaintiff's] claims also discredits [the lay-witness's] claims."  *Molina*, 674 F.3d at 1122.

On this record the Court concludes the ALJ did not err when he discounted the lay-witness testimony of Plaintiff's daughter because the ALJ provided germane reasons for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 23rd day of June, 2021.


 s/Anna J. Brown_____
ANNA J. BROWN
United States Senior District Judge